# Court of Appeals
## Tenth Appellate District of Texas

## 10-26-00086-CV

### In the Interest of B.L.H., M.L.H.-C., P.M.S.S., D.R.D.S., Children

On appeal from the
County Court at Law No. 1 of Johnson County, Texas
Judge David A. Barkley, presiding
Trial Court Cause No. CC-D20240156

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

The trial court terminated Father's parental rights to B.L.H. and Mother's parental rights to B.L.H., M.L.H.-C., P.M.S.S., and D.R.D.S, after a bench trial.[1] Mother appeals from the portion of the trial court's order appointing the Department of Family and Protective Services as the children's managing conservator, contending that the evidence was legally and factually insufficient to overcome the parental presumption in section 153.131 of the Family Code. *See* TEX. FAM. CODE ANN. § 153.131. Father's attorney has filed

---

[1] The trial court also terminated the parental rights of the father of M.L.H.-C., P.M.S.S., and D.R.D.S., who signed an affidavit of voluntary relinquishment of his parental rights to each child. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(K). He does not appeal.

a brief pursuant to *Anders v. California* contending that his appeal is frivolous, along with a motion to withdraw as counsel. *See generally Anders v. California*, 386 U.S. 738 (1967).

We affirm the order of the trial court.

## Mother's Appeal

Mother does not challenge the portion of the trial court's order terminating her parental rights. In her sole issue, she invokes the parental presumption in section 153.131 of the Family Code in challenging the sufficiency of the evidence supporting the trial court's appointment of the Department as the managing conservator of the children. *See* TEX. FAM. CODE ANN. § 153.131(a).

Section 153.131(a) of the Family Code provides that a parent must be appointed as managing conservator of a child unless the court finds that appointment of the parent would not be in the child's best interest because it "would significantly impair the child's physical health or emotional development[.]" *Id.* The portion of the trial court's termination order addressing conservatorship includes this finding.

An order terminating the parent-child relationship divests a parent of legal rights and duties with respect to the child. *In re J.D.G.,* 570 S.W.3d 839, 856 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (citing TEX. FAM. CODE

ANN. § 161.206(b)). When an order terminating parental rights is affirmed, the trial court's appointment of the Department as sole managing conservator may be considered a "consequence of the termination." *J.D.G.*, 570 S.W.3d at 856.

Here, the unchallenged termination order divested Mother of her legal rights and duties related to all four children. *See id.* Consequently, Mother does not have standing to challenge the portion of the order appointing the Department as the children's managing conservator. *See id.* We overrule Mother's sole issue on appeal.

### Father's Appeal

Father's court-appointed attorney has filed a motion to withdraw and an *Anders* brief, stating his professional opinion that the appeal is without merit and that there are no arguable grounds for reversal on appeal. *See In re A.S.*, 653 S.W.3d 298 (Tex. App.—Waco 2022, no pet.).

Counsel's brief meets the requirements of *Anders* by presenting a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991). Counsel has provided us with the appropriate facts of the case and its procedural history, and has discussed why, under controlling authority, there is no reversible error in the trial court's termination order. *See In re*

*Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008). Further, counsel has informed us that he served Father with a copy of his brief, provided a copy of the appellate record to Father, and notified Father of his right to file a *pro se* response to his *Anders* brief. *See Anders*, 386 U.S. at 744; *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014); *In re A.S.*, 653 S.W.3d at 299-300. By letter, we informed Father of his right to review the appellate record and to file a response to the *Anders* brief filed by his appellate counsel. Father did not file a *pro se* response.

Upon receiving an *Anders* brief, we must conduct a full examination of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy v. Ct. of Appeals*, 486 U.S. 429, 436 (1988). We have reviewed the entire record and counsel's brief and agree that the appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). We affirm the order of the trial court terminating Father's parental rights to B.L.H.

Counsel's motion to withdraw as Father's counsel is premature and is denied. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016). Accordingly, if Father desires to file a petition for review, his appellate counsel remains appointed in

this case through any proceedings in the Texas Supreme Court unless otherwise relieved of his duties. *See id.*

## Conclusion

Having overruled Mother's sole issue, and having found that Father's appeal is frivolous, we affirm the trial court's termination order. We deny Father's counsel's motion to withdraw.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED: July 30, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed; Motion denied
Do not publish
CV06

